IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHING LAM and
DAI HING 68, INC.,

       Plaintiffs,

  vs.                                                           No. CIV  07-318 BB/LFG

GOLDEN WOK OHIO, LLC,
SIZZLING WOK, MARGE
SLATER, STACEY JOHNSON,
and DOES 1-20,

       Defendants.

## REPORT AND RECOMMENDATION
## THAT CHING LAM'S CLAIMS BE DISMISSED WITH PREJUDICE[1]

THIS MATTER is before the Court on Defendants-Counter Plaintiffs' Motion for Sanctions [Doc. 40]. The motion was filed on January 14, 2008, and Plaintiff Ching Lam failed to respond.

The Court granted Defendants' first and second motions to compel on November 29, 2007, after Ching Lam failed to answer Defendants' interrogatories and requests for production and failed to attend her deposition [Docs. 34, 35]. The Court's order directed Ching Lam to serve her answers or objections to all of Defendants' discovery requests on or before December 13, 2007 [Doc. 35]. She was further advised that failure to comply could result in imposition of additional sanctions, including of dismissal of her case with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). The Court's other order directed Defendants to serve a second notice of deposition on Plaintiff and, again, advised Ching Lam that if she failed to show up for another scheduled

---

[1] Within ten (10) days after a party is served with a copy of this report and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such report and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the report and recommendation.  Thus, if no objections are filed by March 10, 2008, no appellate review will be allowed.

deposition, her claims could be dismissed. Plaintiff failed to comply with either of the Court's orders. she has not served answers to Defendants' discovery requests as ordered and did not attend her scheduled deposition as ordered.

On February 1, 2008, the Court issued its order setting a Fed. R. Civ. P. 16 status conference to be conducted on February 11, 2008. Ching Lam failed to appear and failed to notify the Court as to any reason why she could not appear at the conference. During the course of the conference, the Court learned from counsel that Ching Lam has essentially abandoned this litigation. She failed to respond to correspondence and fails to return telephone calls. Counsel have been unsuccessful in contacting Ching Lam regarding this case.

Under these circumstances, the Court determines that Ching Lam's non-compliance is sanctionable and, therefore, will proceed to consider the factors outlined in Ehrenhaus v. Reynolds.

**Degree of Prejudice to Opposing Party**

First, the Court must consider whether Ching Lam's failure to comply with discovery obligations, as well as the orders and directives of the Court, caused Defendants prejudice. It is clear that Ching Lam's conduct resulted in prejudice. Defendants are entitled to have discoverable information in order to meet the proofs at trial, and at this date, months after the lawsuit was filed, Defendants still have no information from Ching Lam to support or refute her claims. She has not answered interrogatories, she's failed to appear for depositions, and she's failed to appear for a court hearing. In addition to the lack of information, Defendants incurred costs and fees in their unsuccessful attempts to compel Ching Lam to comply with her discovery obligations. The Court concludes that Defendants have been prejudiced.

**Interference With the Judicial Process**

Again, Ching Lam's non-compliance interfered with the court process. Ching Lam's failure to comply with her obligations has essentially stalled this litigation and made it impossible for the

litigation to be resolved within the time frames contemplated by the district's Civil Justice Expense and Delay Reduction Plan.

The Court expended more time and devoted more judicial resources to this case as a result of Plaintiff's recalcitrance.  The Court concludes that Ching Lam's failure to comply with her discovery obligations and with the Court's orders interfered with the judicial process.

### Culpability of the Litigant

The Court must next consider whether the fault is that of the Plaintiff or Plaintiff's attorney. Sanctions should be imposed on the party responsible for the violation.  In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).  In this case, Ching Lam represents herself.  Thus, there is no other individual responsible for her non-compliance.  Accordingly, Ching Lam is the appropriate party to suffer the consequences of her actions and inactions.

### Prior Warning of Dismissal as a Sanction

The Court must also determine whether prior appropriate warnings of the potential consequences have been given to Ching Lam.  Wilner v. Univ. of Kansas, 848 F.2d 1023 (10th Cir. 1988), *cert. denied* 488 U.S. 103 (1989).  In this case, the Court specifically warned Ching Lam that failure to comply with the Court's directives could result in serious consequences, including dismissal of her case with prejudice [Docs. 34, 35].  Notwithstanding those stern warnings, Ching Lam ignored the Court's orders and failed to provide discoverable information as required.

Thus, the prior notice provisions under Ehrenhaus were satisfied.

### Efficacy of Lesser Sanctions

Finally, the Court must decide whether a lesser sanction would be more appropriate than the most severe sanction of dismissal of Plaintiff's claims.  Denial of a party's right to proceed with

litigation is a severe sanction and should not be the Court's first option. Rather, a lesser sanction should be considered and utilized.

However, in this case, the Court already sanctioned Ching Lam by an award of attorneys as a result of her initial failures to comply [Doc. 49]. Moreover, the Court directed Ching Lam to produce the discoverable information by a date certain. She neither produced the information nor sought any additional time within which to comply. Similarly, she failed to show up for the second scheduled deposition. Ching Lam totally ignored the Court's directive, notwithstanding the fact that the Court specifically warned her that failure to comply could result in imposition of more serious sanctions, including dismissal.

With this background, the Court has no optimism that a lesser sanction would be effective.

Accordingly, the Court recommends that Defendants' motion for sanctions be granted and that Ching Lam's case be dismissed with prejudice. As dismissal is a severe enough sanction, the Court recommends that the request for attorney fees be denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge