IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAI HING, 68 Inc., a New Mexico
Corporation and CHING LAM, an
individual,

    Plaintiffs-Counterdefendants,

v.     No. CIV 07-318 BB/LFG

GOLDEN WOK OHIO, LLC, a Nevada
Limited Liability Company, SIZZLING
WOK group of companies d/b/a FAMOUS
WOK USA, Inc., a Delaware Corporation,
MARGE SLATER, an individual,
STACEY JOHNSTON, an individual,
and DOES 1-20 INCLUSIVE,

    Defendants-Counterplaintiffs.[1]

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on proposed Plaintiff-Counterdefendant Dai Hing 68, Inc.'s ("Plaintiff Dai Hing" or "Dai Hing") Motion to Reinstate Claims [Doc. 39], filed January 10, 2008. Defendants filed a response on January 25, 2008 [Doc. 44]. No reply was filed, and this matter is ready for resolution.

---

[1] This caption reflects the current Plaintiffs-Counterdefendant, although there is a pending Report and Recommendation that Individual Plaintiff Lam be dismissed. [Doc. 50.]

After careful consideration of the pleadings and pertinent law, the Court concludes that Plaintiff Dai Ling's motion to reinstate should be granted. Therefore, Plaintiff Dai Ling claims will be reinstated and it will proceed in this action.

## Procedural History

On March 1, 2007, Plaintiffs Lam, an individual Plaintiff, and Dai Hing 68 Inc., a corporate Plaintiff, filed this lawsuit in the First Judicial District Court (Santa Fe, New Mexico). [Doc. 1, Attachment.] On April 4, 2007, Defendants removed the case to federal court. [Doc. 1.] On April 20, 2007, Defendants filed an Answer and asserted counterclaims against Plaintiffs. [Doc. 6.] On May 14, 2007, Plaintiffs filed an answer to the counterclaims. A case management plan was developed and adopted. [Doc. Nos. 13, 14.]

On June 14, 2007, Plaintiffs' counsel moved to withdraw based on his clients' failure to pay. [Doc. 15.] In the motion, Plaintiffs' counsel noted that Lam intended to proceed *pro se*. Plaintiff Dai Hing was given notice that a corporate entity could not proceed without representation of counsel. On July 10, 2007, the Court granted Plaintiffs' counsel's motion to withdraw and again advised that the corporate Plaintiff Dai Hing could proceed only through counsel. [Doc. 21.]

On July 16, 2007, the Court entered an Order directing entry of appearance of counsel on behalf of the corporate Plaintiff. [Doc. 22.] No attorney entered an appearance on behalf of Plaintiff Dai Hing. Therefore, on August 9, 2007, the Court dismissed Dai Hing and all of its claims, without prejudice, for failure to have licensed counsel appear on its behalf. [Doc. 23.]

After the dismissal of Plaintiff Dai Hing, only individual Plaintiff Lam remained. In late 2007, Defendants served written discovery requests on Plaintiff Lam and noticed her deposition. [Doc. Nos. 28, 29.] Plaintiff Lam neither responded to the written discovery nor showed up for the

scheduled deposition. She failed to comply with the Court's Orders. On February 20, 2008, the undersigned judge entered a Report and Recommendation that sanctions be granted against Plaintiff Lam and that she be dismissed from this action with prejudice. That Report and Recommendation is pending. [Doc. 50.]

On January 10, 2008, original counsel for both Plaintiffs[2] filed a notice of appearance on behalf of the corporate Plaintiff only, Dai Hing 68 Inc. [Doc. 38.] On the same date, Dai Hing filed a motion to reinstate its claims. [Doc. 39.][3]

In Defendants' response to the motion to reinstate, they argued initially that reinstatement of the previously dismissed claims was not "proper" and that there is legal authority requiring Plaintiff to file a new lawsuit.[4] However, Defendants conceded that two separate lawsuits would not further concerns of efficiency or economy. Defendants correctly observed that if Dai Ling were required to file separate suit, there would be two cases pending before the Court with claims arising out of the same transaction and involving many of the same parties. Thus, to permit reinstatement of the claims in this case would avoid unnecessary costs, delay in disposition and duplication of judicial effort. In contrast, filing a separate lawsuit would defeat concerns of judicial economy and most likely, would result in a persuasive motion to consolidate at some point.

---

[2] Attorney Childress is one of two attorneys who initially appeared on behalf of both Plaintiffs. Attorney Childress entered an appearance only on behalf of the corporate Plaintiff, stating that Dai Hing had cured its failure to comply with the Court's Order that it be represented by counsel.

[3] The electronic docket entry for this pleading is identified as a motion for reconsideration. It should be identified as a motion to reinstate.

[4] Neither case cited by Defendants is compelling regarding the question of whether a plaintiff should have to file a new suit. In Restaurant Teams Int'l, Inc. v. Dominion Capital Fund Ltd., 2002 WL 1603150 (S.D.N.Y. July 18, 2002), reinstatement raised issues of statutes of limitation. In Hedberg v. Darlington County Disabilities & Special Needs Bd. (Scott Center), 1997 WL 787164 (4th Cir. Dec. 24, 1997), the Court refused to reinstate previously dismissed plaintiffs because the request was made on the eve of trial.

Ultimately, in their response, Defendants stated that "we do not oppose reinstatement of Dai Hing's claims, should the Court decide it can and should do so." [Doc. 44, p. 4.] Under the circumstances presented by this case, the Court determines that in the exercise of its discretion that it does have the authority and power to reinstate the previously dismissed claims when those claims were dismissed without prejudice. *See* James v. Nocona General Hospital, et al., 2006 WL 3008105 (N.D. Tex. Oct. 23, 2006) (court concluded it could exercise its discretion to reinstate negligence claims that were previously dismissed without prejudice on abstention grounds). Thus, the Court can and will reinstate those claims.

Even though Defendants agreed not to oppose reinstatement of Dai Hing's claims, they raised a number of concerns in the event the Court granted reinstatement. First, Defendants argue that the reinstated claims should not attempt to allege claims previously dismissed *with prejudice.* The Court agrees. Only those claims of Dai Hing's that were dismissed, without prejudice, may be reinstated.

Defendants also were concerned that Dai Hing's present counsel might have a conflict of interest based on counsel's previous representation of both plaintiffs. More specifically, Defendants asserted that counsel might have a conflict of interest in representing Dai Hing, which is now potentially adverse to the former client, Ching Lam. At a telephonic status conference held on February 11, 2008, counsel for Dai Hing stated that he did not believe his representation of Dai Hing raised any conflict of interest issues. For one thing, counsel had never spoken to Ching Lam. [*See* Doc. 47.]

The Court observes that a lawyer who formerly represented a client in a matter shall not represent another person in the same matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation. Rule 16-

4

109A-NMRA. Dai Hing's counsel is in the best position to ascertain whether there may be a conflict of interest and must do so in accordance with the rules.

Finally, Defendants ask that the Court issue a new scheduling order if it permits reinstatement of Dai Ling's claims. At the February 11, 2008, the Court noted that it would issue an appropriate scheduling order should it grant the motion for reinstatement. [Doc. 47.] During the status conference, the parties agreed that they would not need more than 120 days to complete discovery. A separate scheduling order, to this effect, will issue.

IT IS THEREFORE ORDERED that Plaintiff Dai Hing 68 Inc.'s Motion to Reinstate Claims [Doc. 39] is GRANTED, as described herein. Dai Hing must file an amended complaint with the reinstated claims no later than ten (10) days after entry of this Order.[5]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[5]The filing of an amended complaint will, of course, require a new answer and counterclaims, to the extent they exist. Anticipating that the counterclaims are the same as before, the Court will immediately issue its new scheduling order and set appropriate case management deadlines.