IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAI HING 68, INC.,

    Plaintiff/Counter Defendant,

vs.                                                                 No. CIV 07-318 BB/LFG

GOLDEN WOK OHIO, LLC,
SIZZLING WOK, MARGE
SLATER, STACEY JOHNSON,
and DOES 1-20,

    Defendants/Counter Claimants.

## REPORT AND RECOMMENDATION[1]
## AND DENIAL OF REQUEST FOR ATTORNEY FEES AND EXPENSES

THIS MATTER is before the Court on Defendants' Motion for Discovery Sanctions and for Expedited Consideration [Doc. 93], as well as Defendants' Supplement to the motion [Doc. 94].

By this motion and supplement, Defendants seek Fed. R. Civ. P. 37 discovery sanctions against Plaintiff in the form of a default judgment. The supplement to the motion, filed on August 22, 2008 advises that Plaintiff's counsel indicated he does not oppose the motion [*see* Doc. 94, Ex. D].

Plaintiff failed to respond to either the motion or the supplement, and Defendants filed a Notice of Completion of Briefing [Doc. 95]. Thus, this matter is ripe for the Court's consideration and determination.

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

**Background**

On August 6, 2008, the Court granted Defendants' motion to compel and required Plaintiff to serve supplementary discovery responses within fifteen days, and further ordered Plaintiff to pay Defendants' attorney fees in the amount of $1,000 [Doc. 84].  The attorney fee award was made because Plaintiff failed to comply with its discovery obligations under the Federal Rules of Civil Procedure, forcing Defendants to file a motion to compel.

In a companion ruling, the Court advised Plaintiff that future violations of discovery obligations would not be tolerated [Doc. 85].  This warning was appropriate as Plaintiff, from the outset of this litigation, failed in major respects to comply with disclosure and discovery obligations as well as the Court's orders and directives.

On August 20, 2008, Defendants sought to obtain the supplementary discovery materials only to learn that Plaintiff was not providing any additional information [Doc. 93, Ex. B).  As a result, Defendants corresponded with Plaintiff though counsel to determine whether Plaintiff intended to comply with the Court's orders, and those inquiries went unanswered [Doc. 93, Ex. C].

Finally, Plaintiff failed to comply with the Court's order to pay the attorney fees awarded as a discovery sanction and failed to request an extension of time within which to comply or to provide any verification or justification of its inability to pay the sanctions.

**Analysis**

Fed. R. Civ. P. 37 provides the Court with a wellspring of authority to enforce its orders. The Rule provides for a two-step process.  A party must first obtain an order compelling discovery under Rule 37(a), and then if discovery is not provided, the party must move for sanctions under Rule 37(b) for failure to comply with the court's prior order.  In this case, Defendants complied with the requirements of Rule 37.

2

Under Rule 37(b), the Court may impose a variety of sanctions if a party fails to obey a court order regarding discovery, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). A court has broad discretion to impose one or more of the listed sanctions. *See, e.g.*, Young v. Office of U.S. Senate Sergeant at Arms, 217 F.R.D. 61, 65 n. 2 (D.D.C. 2003). The court may prohibit the disobedient party from introducing evidence on certain matters at the time of trial, *see, e.g.*, In re TMI Litigation, 193 F.3d 613, 721 (3d Cir. 1999); it may strike the recalcitrant party's pleadings, *see* Creative Gifts, Inc. v. UFO, 235 F.3d 540, 549 (10th Cir. 2000); it may stay further proceedings until the order is obeyed (*see* Rule 37(b)(2)(A)(iv)); it may dismiss an action or portions of the action altogether, *see* Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002); it may enter default judgment against the non-complying party, *see* Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091 (9th Cir. 2007); or it may treat the failure to comply as contemptuous disregard of a court's order and hold the disobedient party in contempt of court, Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137 (11th Cir. 2006). This list is not exclusive, as the Court has inherent authority to enforce its orders, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

Defendants in this case seek the ultimate sanction--a default judgment against Plaintiff. While a default is authorized under Rule 37, it is an extreme sanction and should be used only if there is no other reasonable alternative. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

When, as here, a party seeks the ultimate sanction of dismissal, the Court is required to proceed with an analysis under Ehrenhaus, wherein the Circuit directed local courts to consider a number of factors prior to choosing dismissal as a just sanction. Those factors are: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser

3

sanctions.  Id., at 921.

## Degree of Prejudice to Opposing Party

Defendants have been prejudiced in this case.  From the outset, Plaintiff has done little to comply with discovery obligations under the rules.  The Federal Rules of Civil Procedure are intended to provide an efficient, economical and expeditious manner for preparing cases for trial.  Providing evidence in support of one's claims or defenses can assist the opposing party in evaluating the case for settlement and, if the case cannot be settled, then to better assist the parties to meet the proofs at the time of trial.

Here, it appears that Defendants diligently sought information concerning evidence that Plaintiff has in support of its defenses.  Notwithstanding Plaintiff's obligations to respond under the rules of procedure, critical information has not been produced.  That leaves Defendants without information on whether Plaintiff has a legitimate defense to the counterclaim or not.  Defendants are forced to guess as to the existence of evidence in the case.

The Court concludes that Defendants have been prejudiced as a result of Plaintiff's non-compliance.

## Interference With the Judicial Process

Case management deadlines are established to provide for an efficient, expeditious and economical way to resolve disputes so that the parties will have each other's evidence well in advance of trial to assist them in evaluating the case either for settlement or for trial.

Because of Plaintiff's non-compliance Defendants have no information to assist them in evaluating the claims and have been forced to file motions to compel.  The Court has had to intervene to direct Plaintiff's compliance.  The judicial intervention at this stage of proceedings would not have been necessary but for Plaintiff's failure to comply with its obligations under the rules of procedure and with the Court's orders and directives.

4

The Court concludes that Plaintiff has interfered with the judicial process.

### Culpability of the Litigant

If the failure to comply with obligations or court directives is the fault of a litigant's attorney, then the attorney is the proper person to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873 (10th Cir. 1987).

Here, it appears that Plaintiff's counsel diligently sought to obtain information from his client, and his client failed to produce the required information. Moreover, when Defendants sought sanctions, including the entry of default, Plaintiff's counsel indicated that while he could not produce additional information, he did not oppose the grant of the motion.

It therefore appears that the failures to comply with procedural rules, discovery obligations and directives of the Court are the fault of Plaintiff, and blame therefor falls squarely on its shoulders. To the extent imposition of sanctions is appropriate, it is the Plaintiff, not Plaintiff's counsel, that should bear the consequences of its inaction.

### Prior Warning of Possible Dismissal

The Court must determine whether the party was warned in advance that dismissal of an action would be a likely sanction for non-compliance. In this case, Plaintiff cannot argue that it was unaware that severe sanctions, including dismissal of the case, could be imposed for non-compliance.

The Court earlier recommended that Plaintiff Ching Lam's claims against Defendants be dismissed with prejudice as a result of her failure to comply with discovery orders [Doc. 50]. So, too, with the present situation, the Court put Dai Hing, 68, Inc. on notice that future violations of discovery obligations would not be tolerated [Doc. 85]. While the Court's order directing Plaintiff to comply with discovery obligations did not explicitly remind Plaintiff that serious sanctions, including the entry of a default judgment could be entered, the Court did warn Plaintiff that further

disregard of discovery obligations would not be tolerated.

Moreover, in this very case, the Court previously dismissed Ching Lam's claims as a result of her failure to comply with orders and directives of the Court as well as discovery obligations. Ching Lam was the co-Plaintiff in this case. It is patently clear that Dai Hing, 68, Inc. was aware of the consequences of non-compliance given the Court's prior Report and Recommendation that Ching Lam's claims be dismissed with prejudice.

The Court therefore concludes that Plaintiff was given adequate notice that non-compliance could result in the imposition of serious sanctions, including entry of a default judgment.

If Plaintiff had difficulty acquiring the information, or if circumstances beyond its control led to the non-compliance, it could have contacted the Court to request additional time within which to comply or proffered some reason or explanation as to why it could not obey the Court's order. Plaintiff did neither. Moreover, in the present motion for sanctions, Plaintiff was given an opportunity to explain why the imposition of sanctions was inappropriate, Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458 (10th Cir. 1988), and it failed to file a response to the present motion. Not only did it fail to file a response, but Plaintiff's counsel indicated that the motion was unopposed. Under these circumstances, the Court determines that Plaintiff was surely aware that its non-compliance would result in entry of a default judgment.

**Efficacy of Lesser Sanctions**

A review of the docket sheet indicates all of the problems occasioned during the course of this litigation. In prior telephonic conferences, and, indeed, in the Court's orders granting Defendants' motion to compel, the Court issued a stern warning that non-compliance with discovery obligations would not be tolerated.

Moreover, the Court imposed a fairly substantial sanction--an award of $1,000 in attorney fees as a result of Plaintiff's earlier non-compliance. That attorney fee award was not paid, and

6

Plaintiff failed to request additional time within which to comply or seek any modification of the award by demonstrating an inability to satisfy the Court's directive.

Given Plaintiff's earlier failures to comply and the fact that an earlier, lesser sanction proved inadequate to compel future compliance, the Court has no optimism that Plaintiff would comply with any further directive if given some lesser sanction such another attorney fee award.

After consideration of each of the Ehrenhaus factors, the Court determines that the appropriate sanction is entry of a default judgment.

### Recommendation

This matter is referred to the presiding judge with the recommendation that Defendants' motion be granted and that a default judgment be entered against Plaintiff Dai Hing, 68, Inc.

IT IS ORDERED that Defendants' renewed request for imposition of an additional attorney fees and expenses is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

7