IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAI HING 68, INC., a
New Mexico Corporation,

        Plaintiff,

  vs.                                                                                                          No. CIV 07-318 BB/LFG

GOLDEN WOK, OHIO, LLC,
SIZZLING WOK d/b/a FAMOUS WOK USA,
STACEY JOHNSTON, and DOES 1-20,

        Defendants.

GOLDEN WOK, OHIO, LLC and
FC QUAIL SPRINGS, LLC,

        Counter-Claimants,

vs.

DAI HING 68, INC., and CHING LAM,

        Counter-Defendants,

REN XI LING, ZHAO WANG,
and JIAN XIAM WEI

        Defendants-in-Interpleader.

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

       THIS MATTER is before the Court on the Magistrate Judge's Report and Recommendation

[Doc. 96] on Defendants' Motion for Discovery Sanctions and Supplemental Motion [Docs. 93 and

94]. The Report and Recommendation was filed September 11, 2008. No objections were filed, and the time for filing has expired.

### Default / Dismissal

Defendants' motion sought Rule 37 discovery sanctions in the form of a default judgment against Plaintiff Dai Hing 68, Inc. ("Dai Hing"). Although not clearly expressed, it is apparent that Defendants seek dismissal of Dai Hing's claims against them [s*ee*, Doc. 93, at ¶ 3], as well as default judgment against Dai Hing with respect to their counterclaims. In a supplement to the motion, Defendants' counsel advised the Court that Dai Hing's counsel indicated he does not oppose the motion. Dai Hing failed to respond to the motion and did not contest the representation that the motion is unopposed.

Although the request for a default judgment came from all defendants, only defendant/counter-plaintiff Golden Wok, Ohio, LLC ("Golden Wok") and counter-plaintiff FC Quail Springs, LLC ("Quail Springs") brought counterclaims; thus, only these two parties may seek a default judgment.

In addition, the motion is directed to Dai Hing only, although counterclaims were brought against both Dai Hing and former plaintiff Ching Lam. Ching Lam was dismissed from this case as a plaintiff; however, she remains in the case as a counter-defendant. While a default judgment against Ching Lam might be appropriate as well, defendants have not sought default against her, and this order does not affect any rights that she may have or that defendants may have against her.[1]

---

[1]The Court notes that both the docket sheet and many of the captions on the various documents filed in this case contain errors as to the status of each party. The current status of the parties is as listed in the caption to this Order. After this Order is filed, Dai Hing will be terminated as a plaintiff, although it will remain in the case as a counter-defendant. Also after this Order is filed, defendants Sizzling Wok d/b/a/ Famous Wok USA, Stacey Johnston, and Does 1-20 will be terminated as defendants; Marge Slater was not named in the Amended Complaint and therefore was

The Magistrate Judge conducted an analysis under <u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 920 (10th Cir. 1992) and found that Dai Hing failed on numerous occasions to comply with its discovery obligations and that it was warned that these failures could result in imposition of sanctions, including default judgment. The Magistrate Judge recommended that Defendants' motion be granted and that default be entered against Dai Hing.

The Court accepts the findings and recommended disposition, and finds that Dai Hing is in default on the counterclaims asserted by Golden Wok and Quail Springs, and that Dai Hing acted wilfully and in bad faith. The Court further finds that dismissal of Dai Hing's claims against Defendants, as asserted in the Amended Complaint, is warranted for the same reasons underlying the grant of default with respect to the Counterclaim.

### Evidentiary Hearing

Because the damages sought by Golden Wok and FC Quail Springs are not liquidated, the Court is required to hold an evidentiary hearing on this issue of damages upon default. <u>Hunt v. Inter-Globe Energy, Inc.</u>, 770 F.2d 145 (10th Cir. 1985); <u>Venable v. Haislip</u>, 721 F.2d 297, 300 (10th Cir. 1983). Thus, Dai Hing is found to be in default, but the request for default judgment is denied at this time, pending a hearing to be scheduled by the Court.

### Current Status of the Case

With the filing of this Order, Dai Hing's claims against all defendants are dismissed. Sizzling Wok d/b/a Famous Wok USA, and Stacey Johnston will be dismissed from the action entirely. Dai Hing also named John Doe defendants, but they were never identified or served and they will also be dismissed as defendants. Marge Slater was named as a defendant in the original

---

terminated as of February 26, 2008. Quail Springs, erroneously, has never been listed as a party; it is a counter-claimant.

complaint, but not in the Amended Complaint.  Although her name appears on the caption of the second Answer/Counterclaim, she is not a party to this action.  <u>Gilles v. United States</u>, 906 F.2d 1386, 1399 (10th Cir. 1990) (an amended complaint supersedes all preceding complaints and "be[comes] the substantive statement of the claim thereafter").

Dai Hing is found to be in default with respect to the counterclaims of Golden Wok and Quail Springs and, as noted above, an evidentiary hearing will be held to establish the extent of Dai Hing's liability to these defendants.  The other defendants are not entitled to a default judgment, as they did not bring counterclaims.

All claims against all defendants brought by former plaintiff Ching Lam were previously dismissed.  However, she remains in the case as a counter-defendant on claims brought by Golden Wok and Quail Springs.  Default has not yet been sought against Ching Lam on these claims.

The Answer/Counterclaim includes an interpleader claim brought by Golden Wok pursuant to FED. R. CIV. P. 22 and 28 U.S.C. § 1335, asking the Court to sort out ownership and disbursement of the equipment, personal property and money left at the Santa Fe restaurant when defendants entered and retook possession of the premises.  Golden Wok states in its interpleader claim, filed March 11, 2008, that it is "in the process of attempting to identify these other parties and their locations, and will seek leave to amend this interpleader claim to name them as parties once they are identified and located." [Doc. 55, at ¶ 83].  As of this date, the Court is not aware of any such identification having been made.

In the meantime, Golden Wok named three individuals, Ren Xi Lin, Zhao Wang, and Jiang Xiam Wei, as persons claiming to be shareholders of Dai Hing and claiming an interest in the disputed property.  On December 6, 2007, Ren Xi Lin, Zhao Wang and Jiang Xiam Wei were dismissed from this action without prejudice, for Golden Wok's failure to serve the original

Answer/Counterclaim. They were named again in the second Answer/Countermclaim, filed February 26, 2008, but there is no indication on the docket that these individuals were ever served with the second Answer/Counterclaim.

As Golden Wok has taken no apparent steps to proceed on the interpleader claim, the Court will direct Golden Wok to notify the Court within 30 days whether it wishes to proceed on this claim, and to state the steps it has taken to do so.

## Order

IT IS HEREBY ORDERED that the Report and Recommendation of the United States Magistrate Judge are adopted by the Court;

IT IS FURTHER ORDERED that Plaintiff Dai Hing 68, Inc.'s complaint against all Defendants is dismissed with prejudice, and defendants Sizzling Wok d/b/a/ Famous Wok USA, Stacey Johnston, and Does 1-20, are dismissed from this action;

IT IS FURTHER ORDERED that Plaintiff Dai Hing 68, Inc. is in default with respect to the counterclaims brought by Golden Wok, LLC and FC Quail Springs, LLC;

IT IS FURTHER ORDERED that Defendants' Motion for Discovery Sanctions and Supplemental Motion [Docs. 93, 94] are denied at this time, pending an evidentiary hearing on the issue of damages and attorney fees to be awarded to Golden Wok, LLC and FC Quail Springs, LLC;

IT IS FURTHER ORDERED that Golden Wok, Ohio, LLC is directed to notify the Court within 30 days of the date of this Order whether it wishes to proceed with its interpleader claim and to describe the steps it has taken to do so;

IT IS FURTHER ORDERED that the Clerk will correct the docket to reflect the current status of the parties, as set forth above.

_____
UNITED STATES DISTRICT JUDGE